UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:25-CR-00043-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **TURHAN JAMAR LAMONS (01)** | **MAGISTRATE JUDGE LEBLANC** |

**EX PARTE HEARING NOTICE**

Before the court is a sealed motion filed by defendant, Turhan Jamar Lamons, who the court has previously determined to be unable to afford the assistance of counsel. Doc. 14. Pursuant to 18 U.S.C. § 3006A(e), defendant seeks "to obtain investigative, expert, or other services necessary for adequate representation" via *ex parte* application to the court. Section 3006A(e) allows the court to authorize counsel to obtain such services "after appropriate inquiry in an ex parte proceeding," and upon finding "that the services are necessary and that the person is financially unable to obtain them." *Id.*

Accordingly, it is **HEREBY ORDERED** that the undersigned will conduct an *ex parte* hearing on **April 22, 2025, at 10:00 a.m., in Lake Charles, Courtroom 2**, at which time defendant will be allowed to make a presentation to the court that "the services are necessary for an adequate defense and that the defendant is financially unable to obtain those necessary services." *United States v. Hardin*, 437 F.3d 463, 470 (5th Cir. 2006). At that hearing, counsel should be prepared to "demonstrate with specificity" that expert evaluation is necessary, either because of the nature of the defense or because aspects of the government's case rest "heavily on a theory most competently addressed by expert testimony." *Id.* at 468–70. To the extent the motion seeks related relief other than the relief expressly provided in 18 U.S.C. § 3006A(e)—*i.e.*, an order

"authoriz[ing] counsel to obtain the services"—defense counsel should also be prepared to explain to the court under what statutory or other authority such related relief is sought, and whether it is properly before the court on the instant *ex parte* motion.

The entire hearing shall be on the record and shall be recorded, with such recording maintained under seal. A transcript of the proceeding may be ordered but shall be maintained under seal unless and until the court orders the proceedings unsealed. The government will not be allowed to participate in the hearing. See *United States v. Abreu*, 202 F.3d 386, 387 (1st Cir. 2000).

**SO ORDERED** at Lake Charles, Louisiana, this 15th day of April, 2025.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**